IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, <br><br>  Plaintiff, <br> v. <br><br> T-Mobile USA, Inc., <br><br>  Defendant. | Case No. 2:23-cv-01339-RMG-MGB <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation (R&R) of the Magistrate Judge, recommending that the Court grant Defendant's motion to compel arbitration. (*See* Dkt. No. 27). Plaintiff objected to the R&R. (Dkt. No. 31). Defendant replied to Plaintiff's objection. (Dkt. No. 36). For the reasons set forth below, the Court adopts the Report and Recommendation as the order of the Court and grants Defendant's motion to compel arbitration (Dkt. No. 21).

I.   **Background**

This suit arises from Plaintiff's claim that a T-Mobile employee assisted an unidentified individual in unlawfully transferring his phone number to a new iPhone, ultimately resulting in his bank account being compromised and drained via Zelle. (Dkt. No. 1). T-Mobile filed a motion to compel arbitration and stay this action on March 27, 2024, citing the Terms & Conditions of its contract with Plaintiff requiring that disputes be handled through arbitration unless the customer affirmatively opts out of the agreement to arbitrate. (Dkt. No. 21 at 4). Plaintiff responded in opposition, claiming that the contract's arbitration provision is not binding because his signatures were "un-notarized and or un-dated" and "forged." (Dkt. No. 24, ¶ 1). Plaintiff also contends that

submitting this dispute to arbitration would violate "plaintiff's constitutionally protected rights to due process" due to the absence of "explicit and clear disclosure." (Dkt. No. 31, ¶ 1).

Defendant believes that Plaintiff "is bound by his repeated agreements to arbitrate this dispute" after "assent[ing] to the arbitration provision no fewer than nine times" over numerous years as a T-Mobile customer. (Dkt. No. 21 at 2). Defendant notes that "Plaintiff does not dispute that he agreed to the T&Cs at least seven times other than on April 5, 2022" and "disregards that the arbitration provision is unambiguously displayed in bold font in the T&Cs." (Dkt. No. 36 at 3).

After reviewing Defendant's motion, Plaintiff's response, and the applicable law, the Magistrate Judge recommended granting Defendant's Motion to Compel Arbitration. (Dkt. No. 27). Upon consideration of Plaintiff's objections to the R&R and Defendant's reply, the Court adopts the R&R in its entirety.

## II.    Legal Standard

### A.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"'An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B.  Motion to Compel Arbitration under the FAA

A litigant may compel arbitration under the FAA if it can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). Once a litigant moves to compel arbitration under the FAA, 9 U.S.C. §§ 1 *et seq.*, the district court determines whether a matter should be resolved through arbitration depending on (1) whether a valid arbitration agreement exist and (2) whether the dispute falls within the substantive scope of the arbitration agreement. *AT&T Tech. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986). The Supreme Court has consistently encouraged a "healthy regard for the federal policy favoring arbitration." *Levin v. Alms and Associates, Inc.*, 634 F.3d 260, 266 (4th Cir. 2011).

"Even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate." *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). Section 4 of the FAA requires the district court to "decide whether the parties have formed an agreement to arbitrate." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 n.9 (2019). The question of whether an arbitration agreement has been formed is one of contract law, and ordinary state law principles apply. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When a party "unequivocally denies 'that an arbitration agreement exists,'" that party bears the burden of coming forward with "sufficient facts" to support her position. *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234. The standard to decide whether the party has presented "sufficient facts" is "akin to the burden on summary judgment," and the court may consider matters outside the pleadings. *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 564 (4th Cir. 2015). The trial provision of Section 4 is invoked only where "the record reveals a genuine dispute of material fact 'regarding the existence of an agreement to arbitrate.'" *Berkley Cnty. Sch. Dist.*, 944 F.3d at 234. Where there is no genuine dispute of material fact an agreement exists, the court will compel arbitration.

### III. Discussion

After careful review of the record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that a binding contract to arbitrate the disputes in this case exists.

Plaintiff raises just one specific objection to the R&R – that the Magistrate Judge "wrongfully lists that plaintiff was at the T-Mobile store located in Traveler's Rest" when "Plaintiff was never at that store nor anywhere within a hundred-mile radius of Traveler's Rest,"

but rather was "in Charleston on the day of the crime." (Dkt. No. 31, ¶ 1).[1]  Plaintiff's self-serving testimony does not create a genuine dispute of material fact as to whether or not an arbitration agreement exists in this case.  Plaintiff does not address the effect of his repeated assent to the arbitration provision in prior contracts with T-Mobile, nor does he provide any corroborating evidence that he was in fact in Charleston on April 5, 2022 or that his signature to the April 5, 2022 contract was forged.  A party's self-serving statement cannot by itself defeat a motion to compel arbitration.  *See Snow v. Genesis Eldercare Rehabilitation Servs., LLC*, 2023 WL 371085, at *3 (D.S.C. Jan. 24, 2023); *see also CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020) ("A party's self-serving opinion ... cannot, absent objective corroboration, defeat summary judgment.").  As a result, Plaintiff has not set forth evidence creating a genuine dispute of fact as to the authenticity of Plaintiff's agreement to arbitrate any disputes arising out of his contract with Defendant.

Accordingly, the Court agrees with the Magistrate Judge that Defendant has produced record evidence that a valid agreement to arbitrate exists between the parties, and that the agreement covers the matter in dispute. The Court agrees that Plaintiff has failed to produce material evidence challenging that finding. Consequently, the Court finds on this record that a valid and enforceable arbitration agreement existed between Plaintiff and Defendant and under these circumstances the Court is required to stay or dismiss this case and compel arbitration. *See* 9 U.S.C. §§ 3, 4; *see also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). Whereas in this case, it appears that all of Plaintiff's claims would be

---

[1] The remainder of Plaintiff's "objections" are in substance an attempt to replead his arguments and complain about miscellaneous issues.  Because they do not constitute specific objections to the R&R, the Court need not address them.  *See Sims*, 2019 WL 1365298, at *2.

encompassed by the arbitration agreement, dismissal is an appropriate remedy. *See Choice Hotels Int'l, Inc.*, 252 F.3d at 709–10. Thus, the Court will dismiss Plaintiff's claims.

### IV. Conclusion

In light of the foregoing, the Court **ADOPTS** the R & R as the Order of the Court. Plaintiff is **COMPELLED** to arbitrate his claims against Defendant. This action is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 8, 2024
Charleston, South Carolina